**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------X
ZAKARIA JDAHIM AND ABDELHAMID MOHAMED
ISLAM AHMED, *individually and on behalf of the*
*collective and class members*

                                                        Case No.:

                       Plaintiffs,

                                                      **COLLECTIVE & CLASS**
                                                      **ACTION COMPLAINT**

     -against-

                                                       **JURY TRIAL DEMANDED**

A1 ACCESSIBLE TRANSPORTATION, LLC,
JERMAINE DELESTON, and
KAREEM NELSON *personally, and individually,*

                                          Defendants.
-------------------------------------------------------------------------X

       Plaintiff Zakaria Jdahim ("Jdahim") and Plaintiff Abdelhamid Mohamed Islam Ahmed ("Ahmed") (collectively referred to as "Plaintiffs"), individually and for all similarly situated employees, by and through his attorneys, Emre Polat, PLLC, alleges against A1 Accessible Transportation, LLC. ("A1"), Jermaine Deleston ("Deleston"), and Kareem Nelson ("Nelson") (A1, Deleston, and Nelson collectively referred to as the "Defendants"), upon information and belief, as follows:

## NATURE OF THE CLAIMS

1. This case arises out of the Defendants' willful and systemic wage violations, resulting in deliberate underpayment of wages to Plaintiffs and the Collective and Class members in violation of the federal and state wage laws.

2. Plaintiffs bring this action to recover unpaid wages owed to them and similarly situated employees pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.*

1

("FLSA") and the New York Labor Law ("NYLL") §§ 650 *et seq*.

3. Plaintiffs allege on their behalf and on behalf of other similarly situated current and former employees of Defendants that Defendants *willfully* violated the FLSA and NYLL.

4. Plaintiff alleges that Defendants willfully violated the FLSA and NYLL by (i) failing to pay overtime premium pay; (ii) failing to pay spread-of-hour pay (iii) failing to provide the Notice of Acknowledgement of Payrate and Payday under N.Y. Lab. Law §195.1, and (iv) failing to provide an accurate wage statement under N.Y. Lab. Law §195.3.

5. Plaintiff alleges pursuant to the FLSA and NYLL that they and similarly situated employees are each entitled to recover from Defendants: (1) unpaid overtime; (2) unpaid spread-of-hours pay; (3) penalties for wage notice violations; (4) liquidated damages; (5) interest; and (6) attorneys' fees and costs.

6. Plaintiff brings FLSA claims on behalf of themselves and all other similarly situated employees who worked for the Defendants at any time during the three (3) years prior to the commencement of this action ("Collective Action Members").

7. Plaintiff brings NYLL claims on behalf of themselves and all other similarly situated employees who worked for the Defendants at any time during the six (6) years prior to the commencement of this action ("Class" or "Class Action Members").

8. In addition, Defendants filed fraudulent tax withholdings to the Internal Revenue Service ("IRS") for Plaintiffs and similarly situated employees without withholding proper Federal and State tax, social security, FICA, and employee withholding deductions. Accordingly, Plaintiffs brings this action pursuant to Internal Revenue Code 26 U.S.C. § 7434 for relief, damages, fees and costs in this matter because Defendants willfully and fraudulently filed tax information forms with the IRS.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 because this action involves federal questions regarding the deprivation of Plaintiff's rights under the FLSA. Pursuant to 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over Plaintiff's related claims under New York state law.

10. Pursuant to 28 U.S.C. § 1391(b), venue is proper in this district because a substantial part of the events or omissions giving rise to this action occurred in this district.

11. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

### Plaintiffs

12. Plaintiff Jdahim is an individual residing in Bronx County, New York.

13. At all times relevant, Plaintiff Jdahim was employed by Defendants as a non-exempt employee.

14. Plaintiff Ahmed is an individual residing in Bronx County, New York.

15. At all times relevant, Plaintiff Ahmed was employed by Defendants as a non-exempt employee.

16. Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b) which include employees at Defendants' transportation service.

17. Plaintiffs are former employees of Defendant A1 owned and operated by Defendant Jermaine Deleston and Defendant Kareem Nelson.

18. Plaintiffs were non-exempt employees providing non-exempt services such as picking up, driving, and dropping off customers at their desired locations.

19. Defendants exerted significant and substantial control over the performance of duties of the Plaintiffs such that each is an "employee" of the Defendants.

**Defendants**

20. Defendant A1 is a domestic corporation existing under the laws of New York.

21. At all times relevant to this action, Defendant A1 has been a business or enterprise engaged in interstate commerce within the meaning of the FLSA in that it has had employees engaged in commerce or in the production of goods for commerce, and handles, sells, or otherwise works on goods or materials that have been moved in or produced for commerce by any person and had an annual gross volume of sales not less than $500,000.00.

22. Upon information and belief, Defendant Deleston, was and is a resident of the State of New York.

23. Upon information and belief, Defendant Nelson, was and is a resident of the State of New York.

24. At all times herein, Defendant A1 operates a transportation service at the direction and control of Defendant Deleston and Defendant Nelson.

25. At all times herein, Defendant A1 operates a transportation service located at 57 West 57th Street, 4th Floor New York, New York 10019.

26. At all times herein, Defendant A1 provides transportation services throughout the five boroughs of New York City.

27. At all times, Plaintiffs could complain to Defendant Deleston and/or Defendant Nelson directly regarding any of the terms of his employment, and Defendants would have the authority to effect any changes to the quality and terms of Plaintiffs' employment.

28. Defendant Deleston and Defendant Nelson exercised control over the employment terms and conditions of Plaintiffs and exercised the power and authority to (i) fire and hire, (ii) determine

the rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiffs.

29. Defendant Deleston and Defendant Nelson exercised functional control over the business and financial operations of employees, including payments of wages, recording hours, tax withholdings, wage notices, and adhering to Federal and State regulations for employment practices and compensation.

30. At all relevant times, Defendant A1 is an "employer" and an "enterprise engaged in commerce" within the meaning of the FLSA, NYLL, and the regulations thereunder.

31. At all relevant times, Defendant Deleston is an "employer" and is an "enterprise engaged in commerce" within the meaning of the FLSA, NYLL, and the regulations thereunder.

32. At all relevant times, Defendant Nelson is an "employer" and is an "enterprise engaged in commerce" within the meaning of the FLSA, NYLL, and the regulations thereunder.

33. Defendant Deleston and Defendant Nelson own, operate, or control several transportation service vehicles through Defendant A1.

34. The acts of A1 were authorized, directed or accomplished by Defendant Deleston and/or Defendant Nelson, by himself or his agents, officers, employees, or representatives, while actively engaged in the management of Defendants' business, including implementing employment and wage practices.

35. Each Defendant, either directly or indirectly, has hired and fired Plaintiffs and other employees, controlled the work schedule and employment conditions, determined payment rate, and kept at least some records regarding Plaintiffs' employment.

## STATEMENT OF FACTS

**Plaintiffs' Employment**

36. Defendants Deleston and Nelson own and operate A1, a transportation service located in New York.

37. Based on Plaintiffs' discussions with other employees at A1 owned by Defendants Deleston and Nelson, the employees are subjected to the same unlawful wage violations, whereas they are not paid overtime premiums.

38. Plaintiff Jdahim commenced employment at A1 on or about September 2018, as a driver.

39. Plaintiff Jdahim temporarily and briefly stopped working during the pandemic, on or about 2020, and restarted his employment on September 6, 2021.

40. Plaintiff Jdahim operated a van transporting passengers, picking them up and dropping them off at their desired locations.

41. At all times relevant, Plaintiff Jdahim provided non-exempt services at A1.

42. While working at A1, Plaintiff Jdahim was subject to illegal employment wage policies and practices and witnessed other similarly situated employees subject to the same such policies of underpayment of wages.

43. Plaintiff Jdahim was scheduled to work six to seven days per week, working on average 55-60 hours per week.

44. Plaintiff Jdahim was scheduled to work for Defendants from 4pm to 1am.

45. That at all times herein, Plaintiff Jdahim took orders and directives from Defendants on where to pickup the passengers for Defendants and transport them.

46. Plaintiff Jdahim often worked past 1am, while transporting the Defendants transportation vehicle and parking it at the end of his shift at the designated garage.

47. Defendants compensated Plaintiff Jdahim at an hourly rate of $15.00 for all hours worked, with

some increases, regardless of the number of hours worked.

48. Defendants would, on occasion, fail to compensate Plaintiff Jdahim when he would be directed to have A1 transportations vans cleaned and work on weekends.

49. That at all times herein, Defendants compensated Plaintiff Jdahim by check and cash app, without any deductions for federal, state, and local taxes.

50. Plaintiff Ahmed commenced employment at A1 on or about December 2018, as a driver.

51. Plaintiff Ahmed operated a van transporting passengers, picking them up and dropping them off at their desired locations.

52. At all times relevant, Plaintiff Ahmed provided non-exempt services at A1.

53. While working at A1, Plaintiff Ahmed was subject to illegal employment wage policies and practices and witnessed other similarly situated employees subject to the same such policies of underpayment of wages.

54. Plaintiff Ahmed was scheduled to work six to seven days per week, driving Defendants' vans.

55. Plaintiff Ahmed worked on average 55-60 hours per week.

56. Plaintiff Ahmed was scheduled to work from 4pm to 2am.

57. Plaintiff Ahmed often worked past 2am, while transporting Defendants transportation vehicle and parking it at the designated garage at the end of his shift.

58. Defendants compensated Plaintiff Ahmed at an hourly rate of $15.50 for all hours worked, with some increases, regardless of the number of hours worked.

59. That at all times herein, Defendants compensated Plaintiff Ahmed by check and cash app, without any deductions for federal, state, and local taxes.

60. Plaintiffs never received any wage statements during the entire time period that each was employed by Defendants.

61. At all times relevant, Defendants failed to compensate Plaintiffs overtime premiums.

62. Each Plaintiff complained to Defendants that he was not receiving the proper pay for the hours worked over forty (40) in any given workweek.

63. Defendants terminated both Plaintiff Jdahim's and Plaintiff Ahmed's employment on September 12, 2022, shortly after Plaintiffs' complaints of the wage violations of the Defendants.

### Defendants' Illegal Wage and Corporate Policies

64. Despite the fact that Plaintiffs worked over forty (40) hours each week, Defendants did not pay each Plaintiff his overtime premiums of one and one-half (1.5) their hourly rate.

65. Each Plaintiff was harmed by the corporate policies of Defendants, including failing to pay overtime premiums, spread-of-hour premiums and failing to provide wage statements and wage notices.

66. Defendants did not provide Plaintiffs with proper wage notices at the time of hire or by February 1 of each year.

67. Defendants failed to provide accurate wage statements to Plaintiffs which reflected, among other information, all hours worked, including overtime hours, the regular and overtime pay rate(s) during the pay period.

68. Defendants failed to maintain accurate and sufficient time and payroll records or provide such records to employees.

### FLSA COLLECTIVE ACTION ALLEGATIONS

69. Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees employed by the Defendants on or after the date that is three (3) years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

70. At all relevant times, Plaintiffs and other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices and procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them overtime premiums and spread-of-hour premiums. The claims of each Plaintiff stated herein are essentially the same as those of the FLSA Collective Plaintiffs.

71. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail in English, Spanish, and any other language.

72. Under 29 U.S.C. § 206, Plaintiffs seek to assert these allegations and claims as a collective action for:

> All persons whom Defendants employ and have employed who were performing cleaning, sandwich preparation, and service to the public since July 2020 to the entry of Judgment in this case (the "Collective Action Period"), who were non-exempt employees under the FLSA (the "Collective Action Members").

73. Plaintiffs and the Collective Action Members are similarly situated on several legal and factual issues, including:

   a. Defendants employed the Collective Action Members;

   b. Collective Action Members performed similar duties;

   c. Defendants failed to keep true and accurate records for all hours Plaintiffs and Collective Action Members worked;

   d. Defendants willfully and recklessly violated the FLSA;

   e. Defendants failed to pay the Collective Action Members overtime compensation for

    hours worked in excess of 40 hours per workweek at the proper rate, violating the FLSA and the regulations promulgated thereunder;

  f. Defendants should be enjoined from such violations of the FLSA in the future;

## RULE 23 CLASS ALLEGATIONS – NEW YORK

74. Plaintiffs also bring claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein (the "Class Period").

75. All said persons, including each Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class member are also determinable from the Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. Rule 23.

76. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants; upon information and belief, there are in excess of twenty (20) Class Members in Defendants' transportation service operations in New York State.

77. The Plaintiffs' claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate action. All the Class Members were subject to the same practices of

10

Defendants, as alleged herein. Defendants' policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. The Plaintiffs and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

78. The Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. The Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

79. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual Class Members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

80. Because losses, injuries and damages suffered by each of the individual Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress to wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action.

81. The adjudication of the individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.

82. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class,

establishing incompatible standards of conduct for the Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

83. Defendants and other employers throughout the state violate the New York wage laws. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

84. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   (a) Whether Defendants employed the Plaintiffs and Class Members;

   (b) What are and were the policies, practices, programs, procedures, protocols and plans of the Defendants regarding the types of work and labor for which the Defendants did not pay the Class Members properly;

   (c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Plaintiff and Class Members for their work;

   (d) Whether Defendants properly notified the Plaintiffs and Class Members of their hourly rate and overtime rate;

   (e) Whether Defendants compensated Plaintiffs and Class Members spread-of-hours premium pay;

   (f) Whether Defendants provided statutory meal breaks for Plaintiffs and Class members; and

(g) Whether Defendants paid the Plaintiffs and Class Members the proper overtime premium compensation;

(h) Whether Defendants, in violation of the New York State common law, shifted their burden under the federal tax laws to shoulder a portion of the payroll taxes on Plaintiffs' and Class Members' wages by paying them in cash;

(i) Whether Defendants' refusal to pay such compensation and unjust enrichment is in violation of the Labor Law and/or New York State common law.

## COUNT I
## FAIR LABOR STANDARDS ACT – UNPAID OVERTIME
**(Brought on Behalf of Plaintiffs and the Collective Action Members)**

85. Each Plaintiff, on behalf of himself and the Collective Action Members, hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

86. By failing to pay overtime at a rate of not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of 40 hours per week, Defendants violated and continue to violate the FLSA, 29 U.S.C. §§201 *et. seq.,* including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

87. Defendants' failure to pay overtime caused Plaintiffs and the Collective Action Members to suffer loss of wages and interest thereon. Therefore, Plaintiffs and the Collective Action Members are entitled to recover from Defendants their overtime wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## COUNT II
### FAIR LABOR STANDARDS ACT – RETALIATION
**(Brought on Behalf of Plaintiffs)**

1. Each Plaintiff hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

2. Section 215(a)(3) of the FLSA states that it is unlawful for any person to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or caused to be instituted any proceeding under or related to this Act…"

3. During the course of each Plaintiff's employment with Defendants, each Plaintiff complained about being improperly paid and not receiving appropriate compensation for the hours worked.

4. Plaintiff Jdahim and Plaintiff Ahmed were retaliated against for complaining, ultimately resulting in each Plaintiff's termination.

5. As a result, Plaintiffs have been damaged in an amount to be determined at trial.

## COUNT III
### NEW YORK LABOR LAW – UNPAID OVERTIME
**(Brought on Behalf of Plaintiffs and Class Members)**

88. Each Plaintiff, on behalf of himself and the Class Members, hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

89. Defendants willfully violated Plaintiffs' and Class Members' rights by failing to pay overtime at a rate of not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of 40 hours each week, in violation of the NYLL and the regulations promulgated thereunder.

90. Defendants' failure to pay overtime caused the Plaintiffs and the Class Members to suffer loss of wages and interest thereon. Therefore, the Plaintiffs and the Class Members are entitled to recover from Defendants their overtime wages, damages for unreasonably delayed payment of

wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§663(1) *et seq.*

## COUNT IV
### NEW YORK LABOR LAW – UNPAID SPREAD-OF-HOURS PREMIUMS
**(Brought on Behalf of Plaintiffs and Class Members)**

91. Each Plaintiff, on behalf of himself and the Class Members, hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

92. Defendants willfully violated Plaintiffs' and the Class Members' rights by failing to pay compensation in an amount equal to one hour's pay at the relevant minimum wage in all instances where the Plaintiffs and the Class Members worked either a split shift or more than ten (10) hours per day, in violation of NYLL §§650 *et. seq.,* and the regulations promulgated thereunder including N.Y. Comp. Code R. & Regs, tit. 12, §§137*1.7(2010), 146-1.6(2012).

93. Defendants' failure to pay spread-of-hours compensation caused Plaintiffs and the Class Members to suffer loss of wages and interest thereon. Plaintiffs and the Class Members are entitled to recover from Defendants their unpaid spread-of-hours compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action.

## COUNT V
### NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE NOTICE
**(Brought on Behalf of Plaintiffs and Class Members)**

94. Each Plaintiff, on behalf of himself and the Class Members, hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

95. Defendants have willfully failed to supply Plaintiffs and Class Members notice as required by Article 6, § 195 containing Plaintiffs' and the Class Members' rate(s) of pay and the basis

thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other: hourly rate(s) of pay and overtime rate(s) of pay; regular pay day designated by the employer in accordance with NYL, Article 6, §191; the name of the employer, or any "doing business as" names used by the employer, the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer plus such other information as the commissioner deems material and necessary.

96. Due to the Defendants' violations of the NYLL, Plaintiffs and the Class Members are entitled to recover from Defendants fifty dollars ($50) per employee for each workweek that the violations occurred or continue to occur, up to a maximum of five thousand dollars ($5,000) per employee, as provided under NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## COUNT VI
## CIVIL DAMAGES FOR FRAUDULENT FILING OF INFORMATION RETURNS UNDER 26 U.S.C. §7434(a).
**(Brought on Behalf of Plaintiffs and the Collective/Class Members)**

97. Each Plaintiff, on behalf of himself and the Collective/Class Members, hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

98. By failing to provide Plaintiffs and the Collective/Class Members with accurate IRS Forms for all of the tax years during which they were employed by Defendants, and failing to properly record, account for, and report to the IRS all monies actually earned and paid them for all of the work Plaintiffs and the Collective/Class Members performed during the course of their employment with the Defendants, and failing to properly report correct amounts on IRS forms as monies withheld, Defendants filed fraudulent information returns with the IRS, in violation of 26 U.S.C. §7434.

99. Under the Internal Revenue Code, "[i]f any person willfully files a fraudulent information

16

return with respect to payments purported to be made to any other person, such person may bring a civil action for damages against the person so filing such return." 26 U.S.C. § 7434(a).

## **PRAYER FOR RELIEF**

WHEREFORE, each Plaintiff on behalf of himself and all other similarly situated Collective Action Members and Class Members, respectfully requests that this Court grant the following relief:

A. Designation of this action as a collective action on behalf of the Collective Action Members and ordering the prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and his counsel to represent the Collective Action Members;

B. Requiring Defendants to file with the Court and provide to Plaintiff's counsel a list of all names and current home addresses and email addresses of all individuals who currently work or have worked for Defendants as non-exempt during the applicable statute of limitations period;

C. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) on behalf of the Class Members and appointing Plaintiff and his counsel to represent the Class;

D. An order tolling the statute of limitations;

E. A declaratory judgment that practices complained of herein are unlawful under the FLSA and NYLL;

F. An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

G. An award of compensatory damages as a result of Defendants' failure to pay overtime compensation pursuant to FLSA and the NYLL and supporting regulations;

H. An award of liquidated damages for non-payment of overtime compensation under FLSA and NYLL and supporting regulations;

I. An award of fifty ($50) dollars per Plaintiff and each of the Class Members for each day that the violations of NYLL, Article 6, § 195(1) pertaining to distribution of wage notice, occurred or continued to occur, or a total of five thousand dollars ($5,000) per Plaintiff and each of the Class Members as provided for by NYLL Article 6, §198(1-b);

J. An award of two hundred fifty dollars ($250) per Plaintiff and each of the Class Members for each day that violation of NYLL, Article 6 § 195(3), pertaining to distribution of wage statements, occurred or continue to occur, or a total of five thousand dollars ($5,000) per Plaintiff and each of the Class Members as provided for by NYLL, Article 6 §198(1-d);

K. An award of pre-judgment and post-judgment interest;

L. An award of costs and expenses of this action together with reasonable attorneys' and expert fees;

M. An award of damages resulting from additional tax debt and additional time and expenses associated with any necessary tax correction; and

N. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury on all questions of fact the Complaint raises.

Dated: July 27, 2023
    New York, New York

        **EMRE POLAT, PLLC**
        EMPLOYMENT ATTORNEYS

        /s/ *Emre Polat*
        _____

        Emre Polat, Esq.
        45 Broadway, Suite 1420
        New York, New York 10006
        (212) 480-4500
        *Attorneys for Plaintiff*